[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and defendant entered into a Partnership Agreement dated September 1, 1985 to develop certain property in Old Saybrook under the partnership name of Ragged Rock Associates. The plan of development never was accomplished. All agree the subject land must be disentangled.
Sec. 9.9 of the Partnership Agreement entitled "Arbitration" was deleted by agreement of the parties. Said agreement is marked Plaintiff Exhibit No. 3A.
This matter comes before the court on complaint seeking (1) a partition of this real property according to the respective rights of the co-owners, (2) the appointment of a committee to partition this real property and (3) such other relief. The defendant on the other hand has answered and counterclaimed seeking the following relief, (1) the court shall decree a dissolution of the partnership under CCSA Sec. 34-70; (2) the court shall appoint a committee to conduct the sale of the partnership property and a division of the proceeds after the payment of expenses of the sale, payment to the defendant Noyes for amounts that he has advanced to preserve partnership property in excess of his obligations under the Partnership Agreement and distribution of proceeds to the partners according to their respective rights in partnership property; (3) such further relief as equity may appertain; (4) money damages; (5) legal interest; (6) attorney's fees and costs; and (7) such other relief as the court deems appropriate.
The court finds that the subject land is owned by the partnership. Its present status is acreage. It cannot be partitioned in kind because of varying degree of value for one portion of the land as opposed to other portions. There is no logical or reasonable bases from which the court is able to make a division of the subject premises.
If there were an approved subdivision in effect with roads laid out thereon together with some reasonable bases to to arrive at road cost etc. the court would have some bases to partition in kind. But such is not the case.
The court therefore must partition and/or effectuate a dissolution of the Partnership by sale of the sole asset of the Partnership, the sale of the subject premises.
The court did not receive specific evidence in the area of advancements to the partnership to enable the court to determine what if anything one party or the other is entitled to in addition to their respective share. There is no dispute however that the partnership is a 60-40 partnership. The Partnership Agreement calls for all additional capital contribution and operating expenses, promissory note payment, taxes to be borne equally by the partners.
The court appoints Atty. John J. Carta, Jr., of Essex, Connecticut as committee to conduct the sale of the subject premises in the same manner as one would conduct a foreclosure by sale[1] and thereafter pay the expenses of the sale and any and all encumbrances of the subject premises and thereafter adjust the account by and between the partners on a 50-50 bases for those amounts advanced by either to preserve the partnership property and thereafter to distribute the proceeds to the partners according to their respective rights.
 60% to Christopher M. Noyes 40% to James N. Cahill
Sale of the premises to take place by auction on the premises at 12:00 noon on August 7, 1993. A sign to be posted on the premises on or before July 7, 1993. Notice of this auction shall be published in the Hartford Courant on June 19, June 26 and on July 3, 1993. The court will waive the requirement for a running description. The property may be described by terms of acreage and location so that one who CT Page 4261 may be an interested bidder may mentally visualize its site. The court does order the committee to obtain liability insurance for the protection of the committee on the day of sale.
Successful bidder shall deposit with the committee a certified and/or bank check in the amount of $45,000.00.
JOHN WALSH, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk